FILED

March 3 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0047

DA 13-0047

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 72N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

ROY VINCENT ADAMS,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourth Judicial District,<br>In and For the County of Missoula, Cause No. DC 11-576<br>Honorable Edward P. McLean, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Jennifer A. Hurley, Hurley Kujawa PLLC, Butte, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General; Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

            Kirsten H. Pabst, Missoula County Attorney; Jordan Kilby, Deputy County Attorney, Missoula, Montana

                    Submitted on Briefs:  January 21, 2015
                                    Decided:  March 3, 2015

Filed:

                                           Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1　Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2　In October 2012, a jury found Roy Vincent Adams guilty of driving under the influence and resisting arrest. After entry of judgment, Adams's counsel filed a motion to withdraw pursuant to § 46-8-103(2), MCA, and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). After conducting a preliminary examination of the record, we concluded that Adams "may have nonfrivolous issues to raise on appeal, including whether the State improperly commented on his right to silence." Thus, Adams now appeals on the grounds that, at trial, the State improperly introduced evidence of his silence toward police on the night of his arrest. The determinative issue in this appeal is whether this Court should review Adams's claims for plain error. Because we conclude that the claims do not qualify for plain error review, we affirm Adams's convictions.

¶3　The conduct for which Adams was convicted occurred around 1:30 a.m. on December 4, 2011. Missoula Police Department officers Nick Walters, Sean Manraksa, and Jeff Curtis encountered Adams when Adams's truck drove near Officer Curtis's parked patrol car before spinning out and coming to a rest facing eastward in a westbound lane. Officer Walters approached Adams's truck and Adams stepped out.

2

Adams claims that he told Officer Walters that he had just been assaulted and robbed. Officer Manraksa approached seconds later and smelled alcohol on Adams's breath. Adams was agitated and tried to walk away from the officers. The officers eventually subdued and arrested him. A blood test conducted later that night showed that Adams had a blood alcohol concentration of 0.18.

¶4     The State charged Adams with assault, resisting arrest, reckless driving, and driving under the influence. Before trial, Adams notified the State of his intent to present the affirmative defense of compulsion to the driving under the influence charge. Adams also submitted a proposed jury instruction on compulsion that the District Court accepted. During the jury selection process, Adams's counsel asked prospective jurors whether they believed it was okay for a person to break the law to avoid physical harm. Adams's counsel also asked a potential juror who knew Officer Manraksa whether he could be fair, considering that there was a strong possibility that Officer Manraksa's testimony was going to conflict with Adams's anticipated testimony.

¶5     In opening statements, the State informed the jury of Adams's intent to present a compulsion defense. The State told the jury, "We don't know what you're going to hear about that compulsion defense. But, what you will hear from the officers is that, at no time[ ] did Mr. Adams say—this is why I'm driving, or this person is after me, or someone assaulted me, and I had to drive." In opening statements, Adams's counsel explained that Adams "had to drive to get away from three men at the Lucky Strike casino[ ] who attacked him, [and] who were after his money . . . ." Adams's counsel

3

explained that Adams pulled up to the patrol vehicle to tell the officers of his distress and that Adams told Officer Walters what was going on when Adams first stepped out of his truck.

¶6 In its case in chief, the State put on testimony from officers Manraksa and Curtis, as well as other officers who encountered Adams on the night of his arrest. Officer Walters was no longer with the Missoula Police Department and was not available to testify. All of the officers who did testify explained that Adams never mentioned that he was fleeing a violent encounter. Defense counsel did not object to any of the State's arguments or evidence regarding Adams's failure to tell the officers about the incident at the casino. After the State rested, Adams testified in his own defense, explaining that he drove that night only to obtain assistance following a theft and assault. He explained that he told Officer Walters what was going on but then gave up once he realized that the officers would not believe him.

¶7 On appeal, Adams presents two arguments that admitting evidence of his silence toward the officers was improper. First, he argues that the evidence should have been excluded under M. R. Evid. 403 because the danger of unfair prejudice substantially outweighed the probative value of the evidence. Second, Adams argues that the evidence violated his constitutional rights to due process and protection from self-incrimination as guaranteed by Article II, Sections 17 and 25 of the Montana Constitution.

¶8 To receive appellate review on the merits, a party generally must raise an objection on the appealed issue with the trial court. *State v. Robertson*, 2014 MT 279,

4

¶ 32, 376 Mont. 471, 336 P.3d 367. This rule incentivizes correcting errors at the earliest opportunity and prevents this Court from holding a district court in error on an issue it never had the opportunity to examine. *State v. West*, 2008 MT 338, ¶¶ 16-17, 346 Mont. 244, 194 P.3d 683. Although sparingly used, we nonetheless retain our common law authority to conduct plain error review of unpreserved issues. *Robertson*, ¶ 32. We employ plain error review if the appellant "firmly convinces" the Court that (1) "the claimed error implicates a fundamental right," and (2) "the claimed error would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process." *State v. Torres*, 2013 MT 101, ¶ 37, 369 Mont. 516, 299 P.3d 804 (citations omitted).

¶9      Adams's defense to the driving while intoxicated charge rested on his theory of compulsion. A compulsion defense requires that a defendant show:

> (1) he was compelled to perform the offensive conduct (2) by the threat or menace (3) of the imminent infliction (4) of death or serious bodily harm, and that (5) he believed that death or serious bodily harm would be inflicted upon him if he did not perform such conduct, and (6) his belief was reasonable.

*State v. Owens*, 182 Mont. 338, 347, 597 P.2d 72, 77 (1979) (emphasis removed). While perhaps enough to get to a jury, Adams's compulsion defense was not strong. It centered on Adams's story that he was grabbed and thrown out of a bar by three men who, before going back inside, told Adams that they would be back soon and that police were on the way. Adams, realizing that he left two hundred dollars at the bar, then drove toward his sister's house to obtain assistance. This theory was unlikely to convince a jury that

5

Adams was compelled to drive while intoxicated by the threat of the imminent infliction of serious bodily injury if he did not do so. We are not convinced that, by attacking Adams's compulsion defense through his failure to tell the officers about his encounter on the night in question, the State caused a miscarriage of justice.

¶10 Further, the integrity of the judicial process and principles of fairness allow the State to rebut an affirmative defense of compulsion. While we draw no conclusions about the propriety of the State's presentation of this evidence in its case in chief or stylization of this evidence as substantive rather than for impeachment, we note that the evidence had some impeachment value. Moreover, at multiple points throughout the trial, Adams had the opportunity to argue for an exclusion of this evidence or for a limiting instruction. Thus, we are not firmly convinced that the introduction of the evidence calls into question the fundamental fairness or integrity of Adams's trial.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Although our preliminary review determined that the issues Adams raises on appeal are not frivolous, we are convinced by further review of the record and the parties' arguments that Adams has not met the requirements for plain error review. Accordingly, we decline to review the merits of Adams's claims. We affirm Adams's convictions.


/S/ BETH BAKER


6

We concur:

/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE